Matter of Sa'Fiyah D. (Mahogany R.) (2018 NY Slip Op 00611)





Matter of Sa'Fiyah D. (Mahogany R.)


2018 NY Slip Op 00611


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Renwick, J.P., Richter, Tom, Gesmer, Oing, JJ.


5572

[*1]In re Sa'Fiyah D., A Child Under Eighteen Years of Age, etc., Mahogany R., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Eric Lee of counsel), for respondent.
Dawn A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about September 7, 2016, to the extent it brings up for review an order of fact-finding, same court and Justice, entered on or about May 4, 2016, which determined, after a hearing, that respondent mother had neglected the subject child due to mental illness, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's finding that the subject child was neglected, since the child was at imminent risk of harm due the mother's mental condition (see Matter of Cerenithy Ecksthine B. [Christian B.], 92 AD3d 417 [1st Dept 2012]; see also Family Ct Act § 1012[f]). The mother has a documented, long-standing history of mental illness and noncompliance with her treatment and medication regimen, continuing through the filing of the petition and thereafter. In addition, the mother exhibited confrontational, impulsive and violent behavior, in the child's presence, and at times appeared delusional and paranoid, all of which placed the child at imminent risk of harm (see Matter of Zariah O. [Zuleika O.], 143 AD3d 494 [1st Dept 2016]). The mother also showed a clear lack of insight into her behavior and untreated mental illness (see Matter of Kayla W., 47 AD3d 571, 572 [1st Dept 2008]; see also Matter of Isaiah M. [Antoya M.], 96 AD3d 516, 517 [1st Dept 2012]).
The evidence of the mother's erratic behavior and untreated mental illness alone justifies Family Court's findings.
Accordingly, we need not address the impact of the mother's alleged marijuana use.
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK